**INTERNATIONAL NICKEL CO., Inc.**

v.

**FORD MOTOR CO. et al.**

United States District Court,
S. D. New York.

Feb. 16, 1954.

See also D.C., 15 F.R.D. 357.

that certain claims of the letters patent are broader than the invention (number 5); that inoperative subject matter was included in the claims (number 6); that portions of the disclosure and the description of the invention are vague, indefinite and incomplete and not in such clear, concise and exact terms as to enable persons skilled in the arts to use the same (number 7); that the invention described and claimed in the letters patent is substantially different from the invention indicated or described in the original application (number 8); and that in proceedings before the Patent Office the plaintiff limited the scope and claim of the letter patent to avoid the objections of the Patent Office (number 10).

The objections that these interrogatories call for the construction of the claims of the patent, matters of opinion and an expression of conclusion by the defendant can not be sustained. See 4 Moore's Federal Practice, 2nd Ed. 2303 et seq., p. 2311; Taylor v. Sound Steamship Lines, D.C., 100 F. Supp., 388, 389. Cf. Drake v. Pycope, Inc., D.C., 96 F.Supp. 331, 332; Gordon, Wolf, Cowen Co. v. Independent Halvah & Candies, Inc., D.C., 13 F.R.D. 506, 507.

The answers to these interrogatories which relate to defenses and counterclaim may serve to reduce or narrow the issues without prejudicing the defendants and without imposing any undue burden on them. Cf. Drake v. Pycope, Inc., supra. Accordingly interrogatories numbered 4, 5, 6, 7, 8 and 10 should be answered.

Objections are directed to interrogatories numbered 27, 28 and 31 on the ground that compliance therewith would unnecessarily force the defendant to reveal a secret process. See the Vannerholm Affidavit and pages 135 et seq. of the Depositions submitted on this motion.

Section 33 of title 35 U.S.C.A. which requires the full disclosure of the proc-

---

John N. Cooper, Cooper, Byrne, Dunham, Keith & Dearborn, Drury W. Cooper, Thomas J. Byrne, Jr., and John F. Dooling, Jr., New York City, for plaintiff.

Kenyon & Kenyon, Theodore S. Kenyon, Ralph L. Chappell and John A. Reilly, New York City, for defendants.

BONDY, District Judge.

This is an action brought by the International Nickel Co., Inc., for the infringement of patent No. 2,485,760 for a cast ferrous alloy.

■ The plaintiff asks the defendant to specify in what respects the defendant will contend at the trial that certain claims in suit are vague, indefinite and functional (interrogatory number 4);

ess by which a patented product is made does not apply to defendant's product which is not covered by a patent.

█ A party has no absolute right to refuse to divulge information in the course of litigation upon the sole ground that the giving of the information will necessarily involve the disclosure of trade secrets. Cities Service Oil Co. v. Celanese Corp. of America, D.C., 10 F.R.D. 458, 460.

However, under Rule 30(b) the provisions of which are incorporated into Rule 33, 28 U.S.C.A., secret processes may be protected against unnecessary disclosure in pre-trial discovery proceedings.

█ Whether the secret process should be disclosed may best be determined at the trial upon consideration of established facts. Lever Bros. v. Proctor & Gamble, D.C., 38 F.Supp. 680. This is especially so in this case in which the plaintiff requests analysis of the molten metal at various stages in the casting of the crank shafts. Whether divulging the same would disclose the secret process may be determined at the trial.

The documents which the plaintiff contends have disclosed the defendant's alleged secret process to the public are either not specified or the contents thereof are extremely general and do not, as the plaintiff claims, indicate a general publication of the secret process. If, as the plaintiff contends, the process has been revealed to the public by the defendant, it is difficult to understand the necessity for the information requested.

Accordingly the objections to the interrogatories numbered 27, 28 and 31 are sustained without any prejudice to the determination at the trial whether or not defendants' process is secret and, if so, whether it should or should not be divulged.

Settle order on notice.