301 F.2d 126
 The CHEMICAL AND INDUSTRIAL CORP., Petitioner,
v.
Honorable John H. DRUFFEL, Judge of the United States District Court, Southern District of Ohio, Western Division, Respondent, and
Commercial Solvents Corporation, Respondent.
 No. 14768.
 United States Court of Appeals Sixth Circuit.
 March 27, 1962.
 
 Robert Taft, Jr., Charles D. Lindberg, Taft, Stetinius & Hollister, Cincinnati, Ohio (Charles D. Lindberg, Cincinnati, Ohio, on the brief), for petitioner.
 William H. Fry, Cincinnati, Ohio (Roger McLean, New York City, on the brief), for respondents.
 Before CECIL and O'SULLIVAN, Circuit Judges, and THORNTON, District Judge.
 CECIL, Circuit Judge.
 
 
 1
 This cause is before the Court on a petition of The Chemical and Industrial Corporation for writs of mandamus and prohibition to require the Honorable John H. Druffel, Judge of the United States District Court of the Southern District of Ohio, to vacate certain orders granted by him in a civil case.
 
 
 2
 The civil action was brought by Commercial Solvents Corporation, a Maryland corporation, plaintiff, against the Chemical and Industrial Corporation, an Ohio corporation, defendant. The parties will be referred to as plaintiff and defendant.
 
 
 3
 The plaintiff in its complaint charged the defendant with violating agreements entered into between the parties in 1956, by installing "plants embodying Plaintiff's process design and other information relating to the Stengel prilling process for others in the United States without providing for any payment whatever to Plaintiff and has also installed at least one such plant abroad, all in violation of defendant's obligations under the said contracts." The plaintiff alleged in its complaint in effect that it did not know in what manner nor to what extent the defendant had disclosed confidential information in violation of the agreements.
 
 
 4
 The plaintiff took the depositions of defense witnesses Eugene Albert Ross and John B. Tytus. Upon objections being made by defense counsel to questions asked by plaintiff's counsel, it was agreed that the depositions be adjourned until a ruling could be had from the district judge.
 
 
 5
 Counsel for the plaintiff stated that, "we want precise information, including documentary information, as to the design, construction, and the operation of each of the seven plants either installed or being installed to which reference has been made; as to the design, construction and operation of the plant which C & I installed in its own shop here in Cincinnati; as to information given to its customers or prospective customers with respect of units or possible units as to the savings and cost incident to the installation of prilling units for use with anhydrous ammonium nitrate feed instead of conventional prilling units and as to the contemplated savings and operating costs or, indeed, actual savings if by any chance they are available to C & I in running these units:" * * * In fact plaintiff's counsel sought information in minute detail and with particularity concerning the operation and processes of the defendant.
 
 
 6
 Counsel for the defendant claimed that this was confidential information and that the plaintiff was not entitled to it until it had made a prima facie case against the defendant for violating the agreements.
 
 
 7
 The plaintiff then propounded interrogatories seeking the same information. Defense counsel objected to these interrogatories.
 
 
 8
 Counsel for the defendant moved to limit the scope of examination on depositions and to quash the interrogatories. Plaintiff's counsel moved for an order of the court to compel the defendant to answer the interrogatories and to compel defense witnesses to give the information plaintiff sought on depositions. The motions were supported by affidavits of the respective parties.
 
 
 9
 The district judge gave the parties an extended hearing after which he sustained the plaintiff's motion and overruled the motion of the defendant. It is the orders on these motions that the defendant seeks to have vacated by its petition in mandamus to this Court.
 
 
 10
 The defendant brings its action by virtue of section 1651(a), Title 28 U.S.C., commonly known as the "all writs" statute. It provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."
 
 
 11
 The Court said in Ex parte Fahey, 332 U.S. 258, 259, 67 S.Ct. 1558, 1559, 91 L. Ed. 2041, "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as substitutes for appeals. As extraordinary remedies, they are reserved for really extraordinary causes."
 
 
 12
 "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." (Emphasis added.) Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Bankers Life and Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106. In DeBeers Consol. Mines v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566, an order of injunction issued by a district court was held to be beyond the power of the court.
 
 
 13
 Although it appears in LaBuy, United States District Judge v. Howes Leather Co., Inc., et al., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, that a writ was issued against a district judge for abuse of discretion, the Supreme Court said at p. 256, 77 S.Ct. p. 313, that an order of reference of an anti-trust case to a master, "amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation."
 
 
 14
 In State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449, the Supreme Court held that unless it reviewed an order of removal by a district judge by petition for mandamus it would be deprived of its jurisdiction to review at all. Thus the writ was used in aid of its appellate jurisdiction.
 
 
 15
 In Black v. Boyd, 248 F.2d 156, C.A.6, the writ was allowed in order to secure for a litigant the constitutional right to a trial by jury.
 
 
 16
 In the case at bar, the orders complained of were within the power of the district judge to grant under Rules 26, 30 and 33, Federal Rules of Civil Procedure, 28 U.S.C. He did not exceed his jurisdiction or violate any law. Counsel for defendant objects that the plaintiff is enabled to prove its case out of the mouths of defense witnesses. This is not new under the discovery rules of the federal practice. Very frequently defendants and defense witnesses are required to give information that helps the plaintiff prove its case.
 
 
 17
 Rule 26(b) defines the scope of examination on depositions: "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." Questions are not objectionable "if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." The extent that a party may go in seeking discovery is subject to protective orders that the judge may make under Rule 30(b) or (d). Under the rules, the extent of discovery and the use of protective orders is clearly within the discretion of the trial judge.
 
 
 18
 In reversing the Court of Appeals for the Ninth Circuit for issuing a writ of mandamus, the Supreme Court said in the Roche case, 319 U.S. at p. 32, 63 S.Ct. p. 945: "In the present case the district court has acted within its jurisdiction and has rendered a decision which, even if erroneous, involved no abuse of judicial power. In issuing the writ the court of appeals below has done no more than substitute mandamus for an appeal contrary to the statutes and the policy of Congress, which has restricted that court's appellate review to final judgments of the district court." See also Bankers Life and Cas. Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 98 L.Ed. 106.
 
 
 19
 While we may gratuitously remark that we entertain an opinion that the order compelling the testimony was too broad, we cannot substitute our judgment for that of the trial judge. Although the power of the Court of Appeals to issue a writ is discretionary, it should be sparingly exercised and we do not think this case warrants the extraordinary and drastic remedy sought by the defendant in its petition. Parr v. United States, 351 U.S. 513, 520, 76 S.Ct. 912, 100 L.Ed. 1377.
 
 
 20
 We are of the opinion, however, that it would be appropriate for the defendant to apply to the district judge for such protective orders as may be needed and are permissible under Rule 30(b), (d) and Rule 31(d). If disclosures by it, now required by the broad order of the district court, are made, any secret formulae or processes now actually owned by the defendant will become public property. It may thereby become irreparably damaged. If at the end of this litigation defendant prevails, but in the meantime has made public property of valuable secret formulae, the victory will have been a costly one.
 
 
 21
 We believe that it is within the power of the district court to stay the order here involved until plaintiff shall have made definite disclosure to the court and to the defendant of the secret formula which it claims defendant is misusing. The district court, likewise, may enter any appropriate order preventing public disclosure of information obtained from defendant through the discovery order here involved, and preventing plaintiff's use of such information, should its asserted cause of action against defendant fail.
 
 
 22
 The petition for writs of mandamus and prohibition is denied, without prejudice to defendant's right to apply in the district court for permissible protective orders.