Kenneth B. RAY, Plaintiff,

v.

ALLIED CHEMICAL CORPORATION,
Defendant.

United States District Court
S. D. New York.

Feb. 28, 1964.

Kenneth B. Ray, New York City, pro se.

Cahill, Gordon, Reindel & Ohl, New York City, Mathias F. Correa, William Jannen, Jr., New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant moves to vacate eleven of twenty-two interrogatories propounded by the plaintiff, the answers to which it asserts would disclose in advance of trial its trade secrets in the research, testing, development and processing of various urea-formaldehyde foams and derivatives of urea and/or formaldehyde. The plaintiff urges that good cause is shown for disclosure at this time and asserts that the material sought reflects work performed by the defendant as a result of misappropriation of confidential disclosures made to it by him. The defendant, on the other hand, denies that plaintiff ever possessed or transmitted to it any confidential or technical information with respect to methods of producing urea-formaldehyde foams; it admits that it received from plaintiff samples of a urea-formaldehyde foam and tested some of the physical properties of those samples, but asserts that any information which it may have received, whether from plaintiff or his principals, hereafter referred to, was already in the public domain. As to these samples the defendant has offered no objections to those interrogatories which seek information relating to tests performed thereon, but asks that the answers thereto be deferred until the completion of defendant's dis-

covery of plaintiff. It emphasizes that by the unlimited scope of the remaining interrogatories the plaintiff is seeking the results of its research in foams as a class going beyond the sample foams which plaintiff brought to its attention. The defendant alleges that exposure at this time of all its experiments, investigations and processes would yield to the plaintiff the results of years of research and development which involved it in great expenditure and subject it to irreparable harm. It points out that plaintiff, an attorney who appears *pro se,* is also a trained chemist and is actively engaged in efforts to sell technical know-how in urea-formaldehyde resin foams to one of its competitors, and that in the light of this and all the circumstances of the instant case no pretrial protective order can properly safeguard its interests.

There is no question of the Court's power to compel pretrial discovery of a litigant's secret processes, but whether it should be exercised and under what protective conditions is governed by the facts of each case.[1] And the circumstance that a litigant in his complaint alleges that he disclosed confidential and secret processes to a defendant, which the latter in turn denies, does not automatically entitle the plaintiff to obtain disclosure of the alleged offending processes in aid of plaintiff's pretrial discovery—otherwise it would be a simple matter to obtain one's trade secret by the mere assertion of a claim. The end result of disclosure, where ultimately it develops that the asserted claim is without substance, may be so destructive of the interests of the prevailing party that more is required than mere allegation to warrant pretrial disclosure.

In the instant case the Court has, in the consideration of the motion, examined relevant excerpts of plaintiff's deposition. Although the plaintiff alleges in his complaint, paragraph 9, that he disclosed to defendant's employees the methods of producing urea-formaldehyde foams, their uses and applications, a careful reading of the deposition lends support to the view that disclosures, if any, of processes relating to urea-formaldehyde foams were made by the European interests (collectively described as Damofrex), for whom plaintiff is described in an agreement as agent. Plaintiff, however, asserts this reference is merely descriptio personnae and that the contract was made with him individually and that he disclosed the relevant information. The Court does not at this time undertake to pass upon any fact issue with respect to this or other matters. However, a fair reading of the plaintiff's deposition suggests, and the option agreement referred to in the complaint specifically provides, that Damofrex and not the plaintiff was required to "fully and completely disclose to * * * [defendant] all production methods, data, information, uses and know-how in its possession or control relating to the Optioned Product." The defendant denies that this basic provision of the agreement was ever complied with and no affidavit has been submitted by the Damofrex group to the contrary. Since there is a question as to whether any disclosure of confidential matter was ever made to the defendant by either the plaintiff or Damofrex, and since discovery of the defendant's processes, research and production of various foam products may result in irreparable injury to it if eventually plaintiff does not prevail on his claim, with due regard to plaintiff's right to discovery, the Court is of the view that the issue of discovery of processes, whether by interrogatories or otherwise, should be deferred until the trial, to be resolved by the Trial Judge who would be in a better position to evaluate plaintiff's claim. This procedure

1. Claude Neon Lights, Inc. v. Rainbow Light, Inc., 31 F.2d 988, 989 (S.D.N.Y.1927).

has been adopted in other instances to meet the problem posed by the conflict between a plaintiff's right to discovery and a defendant's right to be protected against devastating injury which may result if it develops that plaintiff's claim is without substance.[2] Little delay need ensue, since this is a nonjury case.

Accordingly, the motion of the defendant is granted to the extent of deferring consideration of the question of disclosure of secret processes by the defendant or its employees until the trial, at which time the substance of plaintiff's contention may more appropriately be determined. The defendant is directed to prepare and collate, sufficiently in advance of trial, all the material and data in answer to the propounded interrogatories so that in the event they should be upheld or other discovery permitted by the Trial Judge the answers will be readily available and thus delay will be kept to a minimum.

The branch of the defendant's motion which seeks deferment of answers to interrogatories 1–10 and 22, to which no objection is made, is granted to the extent that such answers shall be served within five days after the completion of plaintiff's deposition. As already noted, some of these require the defendant to furnish information with respect to the tests or samples of urea-formaldehyde foams given to the defendant by the plaintiff.

The motion by the defendant to compel the plaintiff to answer the two questions set forth in the notice of motion is denied. Plaintiff's deposition shall promptly be concluded; if the parties cannot agree upon a date for the continuance and completion of such deposition, the order to be entered herein may contain an appropriate provision.

2. See E. I. Du Pont De Nemours Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016 (1917); De Long Corp. v. Lucas, 138 F.Supp. 805 (S.D. N.Y.1956); International Nickel Co. v.

Ford Motor Co., 15 F.R.D. 357 (S.D.N.Y. 1954); Lever Bros. Co. v. Proctor & Gamble Mfg. Co., 38 F.Supp. 680 (D.Md. 1941).