**METAL FOIL PRODUCTS MANUFAC- TURING COMPANY et al.**

v.

**REYNOLDS METALS COMPANY, INC., et al.**

**Civ. A. No. 671288 S.D.N.Y.**

United States District Court, E. D. Virginia, Richmond Division.

July 16, 1970.

Malcolm A. Hoffman, New York City, for plaintiffs.

David Klingsberg, New York City, for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court upon motion of the plaintiffs herein in reference to matters relating to a deposition which is being taken in this district in a suit now pending in the United States District Court for the Southern District of New York.

Jurisdiction of this Court to entertain said motion is acquired by virtue of Rule 37(a) (1) and (2), Fed.Rules Civ. Proc.

Plaintiffs seek an order directing officers of the defendant corporation to answer certain questions propounded during the taking of a deposition in this district.

The parties, by counsel, have appeared before the Court and have represented that during the taking of a deposition of an officer of the defendant corporation a witness was directed by counsel for the defendant not to answer a question having to do with the advertising budget of the Reynolds Metals Company generally.

This Court, unfortunately, has no familiarity whatsoever with the main issues between the parties. There has been submitted to the Court a copy of paragraph 9 of the complaint, along with a copy of an order entered by the Honorable Sylvester J. Ryan of the United States District Court for the Southern District of New York.

It is the defendants' contention that similar inquiry was made of the defendants in certain interrogatories filed prior to October 17, 1969, at which time the defendants allegedly asserted that interrogatories having to do with the particular subject matter which the witness has been directed by counsel not to answer were both irrelevant and privileged by reason of their confidentiality concerning "competitive information." In short, a trade secret.

Defendants' contentions in the argument before this Court are that Judge Ryan, by order of January 20, 1970, sustained their position.

By reason of the relief that this Court deems appropriate to render, it is unnecessary for this Court to attempt to interpret Judge Ryan's ruling of January 20, 1970, as precluding, on the grounds of irrelevancy and privilege, any inquiry by the plaintiffs in the area under contention.

It is represented that the instant action is one involving alleged violations of the Sherman Anti-Trust Act and the Clayton Act, 15 U.S.C.A. § 18.

Paragraph 9 of the complaint alleges as follows:

Defendants Reynolds Metals and Reynolds Sales, in the furtherance of

their businesses, have advertised consumer products manufactured and sold by the said defendants, together with consumer products made of aluminum manufactured and sold by others, in order to stimulate consumer acceptance of aluminum disposable household products, to the enhancement of the business of the said defendants, and have expended large sums in connection therewith on television, radio and in newspapers and magazines and, according to figures released by the Television Bureau of Advertising in March of 1967, defendant Reynolds Metals spent $4,776,900.00 during 1966 for national network television advertising, ranking 69th in order of expenditures among 365 advertisers utilizing national network television; and in or about 1960, in one of the national television advertising campaigns of defendant Reynolds Metals, said defendant, with the consent of plaintiffs herein, advertised, promoted and exploited the "Broil-A-Foil" disposable aluminum oven broiler pans manufactured by plaintiff Metal Foil and distributed by plaintiff Winston.

Plaintiffs, it would appear, are contending by way of allegations, illegal tie-in arrangements having to do with consumer products made of aluminum and another consumer product described as a disposable aluminum oven broiler.

Haste in a ruling on the issue is urged by the plaintiffs whose counsel represents that the time in which they will be permitted to exercise their rights of discovery is rapidly drawing to an end.

■■ The liberality with which the discovery rules should be interpreted is apparent. As to whether an issue is relevant, generally if the questions are reasonably calculated to lead to the discovery of admissible evidence, they should be admitted. Coupled with that, however, is the principle that the process of complete discovery must be kept within workable bounds of proper and logical bases for determination of the relevancy of that which is sought to be discovered. See Jones v. Metzger Dairies, Inc., C.A. 5th (1964), 334 F.2d 919, 925, cert. den. 379 U.S. 965, 85 S.Ct. 659, 13 L.Ed.2d 559. A party should not be foreclosed from examining on any subject which might conceivably have bearing on the subject matter of the action. Triangle Mfg. Co. v. Paramount Bag Mfg. Co., D.C. New York, 1964, 35 F.R.D. 540, 542.

It is apparent from the arguments of counsel that defendants are fearful that the divulging of internal marketing information might well fall into the hands of substantial competitors. An understandable position. Nevertheless, that position may not be maintained in such a way as to thwart the purpose of the rules of discovery.

Defendants suggest that the issue of discovery in this field should be deferred until trial, to the end that the matter might be resolved by the trial judge, and cite the case of Ray v. Allied Chem. Corp., 34 F.R.D. 456 (S.D.N.Y. 1964). This Court is in accord with the principle enunciated by Judge Weinfield in that case. This Court recognizes, however, that if the interests of all parties are to be properly protected, discovery should be granted. Fortunately, Federal Rule 26(c) gives the Court much leeway in effecting a protective order.

■ Without deciding that the information which plaintiffs seek is either relevant or protected, and recognizing that the United States District Court for the Southern District of New York is obviously in a better position with access to the entire file to rule upon the relevancy and/or admissibility of that which plaintiffs seek, and having concluded that the interests of justice can be served by granting to the plaintiffs full discovery and at the same time precluding any improper and unfair use of such discovery, which may ultimately be

ruled to be inadmissible and/or privileged, the Court is of the opinion that a proper protective order can be framed within the guidelines of Rule 26. See also, United States v. Lever Bros. Co., 193 F.Supp. 254 (S.D.N.Y.1961).

The defendants will be directed to direct their witness in regard to the information concerning the "approximate percentage of Reynolds advertising budget which would be channeled toward consumer items such as Reynolds Wrap and the broiling pans, as well as the advertising budgets of Reynolds Metals Company generally", to reply to counsel for the plaintiffs' questions under the terms and conditions which the Court will set out in an order accompanying this memorandum.