LIBERTY FOLDER et al., Plaintiffs,

v.

CURTISS ANTHONY CORP. et al., Defendants.

No. C-3-80-024.

United States District Court, S. D. Ohio, W. D.

April 2, 1981.

Jon Sebaly, Peter Graves, Smith & Schnacke, Dayton, Ohio, Floyd A. Mandell, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for plaintiffs.

Richard H. Wallace, Eugene Elsass, Garmhausen, Kerrigan, Elsass, Lewis & Co., Sidney, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION SEEKING AN ORDER OF THE COURT COMPELLING DISCOVERY; DISCOVERY ORDERED WITHIN STATED PERIOD OF TIME; DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION SEEKING LEAVE TO FILE A THIRD PARTY COMPLAINT; ENTRY OF CONTINUANCE; NEW TRIAL DATE AND OTHER DATES SET

RICE, District Judge.

The captioned cause came to be heard upon two motions, to wit:

(1) The Plaintiffs' motion seeking an Order of the Court compelling the Defendants to produce certain information, pursuant to Fed.R.Civ.P. 37(a); and

(2) the Defendants' motion seeking leave of Court to file and serve a third-party complaint, pursuant to Fed.R.Civ.P. 14(a).

The corporate Plaintiffs and the corporate Defendant are competitors in the paper folding machine industry. The individual Defendant is an employee of the corporate Defendant and a former employee of one of the corporate Plaintiffs. The proposed Third-Party Defendant appears to be an employee of one of the corporate Plaintiffs and a former employee of the corporate Defendant.

Plaintiffs' complaint against the Defendants alleges trademark infringement, false designation of origin, unfair competition, misappropriation of trade secrets, breach of employment confidences, contract interference, unfair business practices, and fraud. Defendants' counterclaim alleges violations of federal antitrust law on Plaintiffs' part. Defendants' proposed third-party complaint alleges that the Third-Party Defendant is liable to Defendants for any liability Defendants have to Plaintiffs.

Plaintiffs discovery motion originally sought an Order compelling Defendants to produce information in the following four categories:

(1) identification of requested documents which Defendants claim are protected from disclosure by attorney-client privilege;

(2) identification of Defendants' distributors and dealers, and identification of related documents;

(3) identification of vendors who manufacture products sold by Defendants, and identification of related documents; and

(4) identification of Defendants' customers, including specifics regarding the initiation of the customer relationship, the volume of sales, and identification of related documents.

It appears that the first category of information, i. e., identification of documents which Defendants claim are protected by the attorney-client privilege, is no longer at issue. In a memorandum contra Plaintiffs' motion, Defendants represented that they would provide Plaintiffs with that information within a time certain. Plaintiffs have not advised the Court that said representation has not been fulfilled.

The contours of Defendants' opposition to production of the distributor, vendor, and customer lists, and their consequent opposition to Plaintiffs' motion to compel discovery of same, are not clearly articulated. Defendants admit that the information is "relevant" at least in the broad sense in which that term is used in Fed.R.Civ.P. 26(b)(1), and Defendants do not otherwise contend that the information is privileged.

Rather, Defendants say (and Plaintiffs do not dispute) that the information at issue constitutes "confidential commercial information" which the Court is empowered to protect against broad disclosure under Fed. R.Civ.P. 26(c).

But *exactly how* or *exactly why* this Court should provide protection against disclosure of the information at issue, in this case, is not certain. Defendants say that the Court should *either*: (1) foreclose discovery altogether; (2) allow the information to be filed, herein, under seal; (3) order that disclosure only be allowed at the time of trial; (4) order that the determination on whether disclosure should be allowed be made at the time of trial; (5) order that disclosure not be allowed until Plaintiffs have made a prima facie showing of Defendants' liability; *or* (6) delay the decision on Plaintiffs' motion until Plaintiffs answer certain document demands concerning Defendants' confidential information, which Plaintiffs obtained through the proposed Third-Party Defendant.

In general support of an order adopting one or more of these protective measures, Defendants point out that the parties are competitors; that disclosure of the information to Plaintiffs would irreparably damage Defendants' competitive position by enabling Plaintiffs to undertake "predatory" practices with respect to identified customers; and that such a scenario is consistent with Plaintiffs alleged past practices in abusing confidential information, regarding Defendants' distribution network, as obtained from a former employee of Defendants (i. e., the proposed Third-Party Defendant).

 The Court does not believe that these factors justify any of the various, extraordinary protective measures which Defendants seek. On the contrary, the Court concludes that Plaintiffs' proposed protective order adequately guards against unnecessary and potentially injurious disclosure of the kind of sensitive information at issue. Specifically, the Plaintiffs' proposed order would: (1) limit access to the request-

ed information to Plaintiffs' counsel, and counsel's associates and employees (and thereby preclude disclosure to any of Defendants' competitors, including Plaintiffs); (2) would limit the number of copies of said information which might be circulated among counsel; and (3) limit the use of said information only for purposes of the present litigation (and thereby preclude its use in any anti-competitive fashion, including its use to facilitate "predatory" practices).

The authorities cited by Defendants do support the proposition that a District Court may delay or preclude a plaintiffs' discovery of defendants' "confidential information" until trial, or until the plaintiff establishes a prima facie case of defendants' liability. However, the cited authorities do not establish an unalterable rule in that regard, but only indicate that such course was warranted *under the facts presented in each particular case. Ray v. Allied Chemical Corp.,* 34 F.R.D. 456, 457 (S.D.N.Y.1964); *Int'l Nickel Co. v. Ford Motor Co.,* 15 F.R.D. 392, 394 (S.D.N.Y.1954); *Lever Bros. Co. v. Proctor & Gamble Mfg. Co.,* 38 F.Supp. 680, 683–84 (D.Mich.1941).

Thus, in *Ray, supra,* the Court examined evidence on the record which indicated that the defendant did not have the specific confidential information which formed the basis of plaintiffs' claim of misappropriation. Since broad pretrial discovery of defendants' secret research might ultimately prove unnecessary and injurious, the question of compelled discovery of such information was properly deferred until trial. The Court noted that there was no possibility of prejudicial delay in this course, since that case (unlike the case, herein) was to be tried to the Court. Further, although not explicitly stated in the decision, it appears that a protective order limiting access to discovered information only to plaintiffs' counsel was not considered a viable alternative since plaintiff was proceeding pro se.

Similarly, in *Int'l Nickel, supra,* the question of compelled disclosure was deferred until trial because the relevancy of defendants' secret processes, which plaintiff requested, had not been demonstrated, and because the alleged need for disclosure of same was inconsistent with plaintiffs' claim that the processes were not secret, i. e., that they had previously been made available to the public.

Finally, in *Lever Bros., supra,* the Court also deferred the question of compelled disclosure until trial, noting that it was "not adequately informed as to the ultimate relevancy or materiality of the point in issue," *id.* at 683, and further noting, as in *Ray, supra,* that such deferral would not "be importantly disadvantageous to the plaintiff because, as the case is a non-jury case, the court can sufficiently control the order and time of proof by adjournment of hearings if necessary, or otherwise, in order to prevent surprise ..." *Id.* The Court acknowledged "that some cases have permitted disclosure of secret processes in advance of trial when it is apparent that the information is relevant and material," *id.,* but concluded that the particular case before it was among "the *exceptional* cases where it would be unwise to inflexibly apply the general rule" favoring pretrial disclosure. *Id.* at 684 (emphasis added).

The present case is not "exceptional." The relevance of the requested information is not contested, nor does it appear that it might be contested in view of the nature of Plaintiffs' claims. Moreover, unlike *Ray, Int'l Nickel,* and *Lever Bros., supra,* the confidential commercial information at issue, herein, is not a secret process, ingredient or formula, which might be patentable and which would, therefore, lose value if disclosed at all. *Cf. Chemical & Industrial Corp. v. Druffel,* 301 F.2d 126, 129 (6th Cir. 1962). This is not to say that supplier and customer lists are not valuable commercial properties, but only that their value can be adequately protected, in this case, by the kinds of limitations against broad, public disclosure, after discovery, as are contained in Plaintiffs' proposed protective order. *Chesa Int'l, Ltd. v. Fashion Associates, Inc.,* 425 F.Supp. 234, 237 (S.D.N.Y.1977), *aff'd.* 573 F.2d 1288 (2d Cir.). *Cf. Druffel, supra,* at 130. *See also,* cases collected in *Federal*

84

*Open Market Committee v. Merrill*, 443 U.S. 340, 362 n.24, 99 S.Ct. 2800, 2813 n.24, 61 L.Ed.2d 587 (1979).

■ The alleged fact that Plaintiffs have a propensity to misuse confidential commercial information (which Defendants seek to demonstrate by Plaintiffs' response to pending document demands) does not require that further protection be ordered. If the information is disclosed to Plaintiffs (or to any persons other than Plaintiffs' counsel), or if the information is used for any purposes other than the prosecution of the instant litigation, then the proposed protective order would be deemed violated, and Defendants would have their rights thereunder. *Struthers Scientific & Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149, 154–55 (D.Del.1970).

For the aforestated reasons, the Court finds Plaintiffs' motion, seeking an Order of the Court compelling the Defendants to produce the distributor, vendor, and customer information identified above, subject to the conditions and provisions contained in Plaintiffs' proposed protective order (attached as Exhibit C to said Motion), to be well taken and is, therefore, sustained in its entirety. The Defendants must provide the requested discovery within fourteen (14) days of the Plaintiffs' signing and filing of the protective order suggested by the Plaintiffs and attached as Exhibit C to the within motion to compel.

Plaintiffs' opposition to Defendants' motion for leave to file a third-party complaint was originally twofold. First, Plaintiffs said that the motion as filed did not indicate the nature of Defendants' claim against the proposed Third-Party Defendant, and, therefore, Plaintiffs had no basis upon which to determine whether they should object or consent to the filing of the Third-Party Complaint.

■ The better practice is for the Third-Party Plaintiff to attach a third-party summons and complaint to his motion for leave to file same, in order that the propriety of granting leave may best be assessed. 3 Moore's Federal Practice ¶ 14.18[2.–1] at 14–412. Although Defendants did not do so in this case, it appears that copies of the proposed Third-Party Complaint were subsequently submitted to the Court and to Plaintiffs' counsel, after Plaintiff opposed leave on this ground. Further, although the Court has some difficulty in reading the specific allegations in the proposed pleading as stating the kind of claim allowed by Rule 14(a) practice (rather than under Fed.R. Civ.P. 13(h)), Plaintiffs have not advised the Court of any particular objection in this, or any other regard since the time at which they presumably did receive the proposed Third-Party Complaint. Therefore, the Court considers that Plaintiffs presently have no objections, based upon the content of the proposed pleading, to granting leave to file same.

■ Plaintiffs' second ground for opposing leave to file a third party complaint was based upon their concern that the delayed injection of a new party and new issues, herein, might cause a delay in the scheduled trial date. Although the Court does not consider that a motion for leave to file a third-party complaint is *necessarily* untimely, when made eight months after the action was commenced and six months before the scheduled trial date, the fact remains that the decision on this motion precedes the *previously* scheduled trial date by less than one month. The prospect of delay due to extended discovery and settlement negotiations with respect to the third-party claim would be considered substantial, were it not for the fact that the Court and counsel have agreed to a continuance of the trial date. Therefore, this Court sustains the motion of the Defendants, seeking leave of court to file a third-party complaint. Said complaint must be filed not later than fourteen (14) days from the date of receipt of notice of this decision.

For good cause shown and upon the agreement of all parties, trial on the merits of the captioned cause, heretofore set for the week of April 6, 1981, is hereby ordered reset for the week of September 14, 1981. Said trial will be before a duly impaneled jury.

The date to reveal identity of all witnesses, together with a brief synopsis of their testimony is July 1, 1981.

The parties are ordered to "cut off" discovery thirty days in advance of the trial date, to wit: August 15, 1981. This "cut off" date is inflexible and can only be modified by agreement of counsel or by the Court, upon a filing of a motion showing good cause. For purposes of this order, the term "discovery" includes any depositions taken for perpetuation of testimony purposes and sought to be used at trial.

Leave of court is granted to file whatever motions, including motions for summary judgment not later than July 1, 1981.

The jointly prepared Final Pretrial Order, is to be filed by 4:30 p.m. on Tuesday, September 1, 1981.

The Final Pretrial Conference is set for Thursday, September 3, 1981, at 4:30 p.m. This pretrial conference will be had by way of telephone conference call. The attorneys need only wait by their telephone and a conference call will then be arranged from the Courthouse.