## SHIELDS et al. v. SOBELMAN et al.

### No. 4095.

District Court of the United States, E. D. Pennsylvania.

Jan. 22, 1946.

Freedman & Goldstein, of Philadelphia, Pa. for plaintiff.

Frank R. Ambler and Howard R. Detweiler, both of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

This is a motion for an order upon Mr. Byrne, a member of this bar, to produce certain photographs of a winch which was the physical instrumentality causing a serious accident to the plaintiff, Henry K. Shields, which accident is the subject matter of a civil action pending in this court. Counsel has waived all questions relating to the specific type of procedure used to call for the production of these photographs and has stipulated that the matter be determined solely upon the question whether or not the privilege described by the Circuit Court of Appeals in Hickman v. Taylor et al., 3 Cir., 153 F.2d 212, covers the case.

It appears that shortly after the accident at a time when there was more than a probability that a claim would be made in respect of it and that litigation would ensue, Mr. Byrne, acting as attorney for, not the defendant in this case, but a party who was likely to be made and, as a matter of fact was made, defendant in another case arising out of the same accident, went to the vessel with a photographer and personally directed and supervised the taking of the photographs in question, pointing out "just exactly what part of the particular machine was involved", having in mind, "what I wanted to show bearing upon liability or lack of liability in this case."

The question presented is not free from doubt. I cannot see very much distinction

between a statement of a witness taken by a lawyer and a photograph taken, to all intents and purposes, also by a lawyer. Of course, the lawyer does not actually press the release of the camera that takes the picture, and does not develop the photographs; but they are made as he directs and they are evidence in the case, exactly as the statement of a witness is in evidence in the case, and into them both go some of his legal knowledge as to what is relevant and what is not, and what is evidence it behooves his client to be prepared to present.

In the Hickman case it appears that a distinction is made between a machine or a part of one which has hurt someone, and which may be in a lawyer's hands, and the statements of witnesses which the lawyer takes of witnesses. The opinion says that a piece of a machine which has hurt someone is among the things which "are not to be concealed until the day of trial for that reason." On the other hand, the Court says the statement of a witness is an intangible thing, the result of the use of the lawyer's tongue, his pen, and his head for his client, and the Court goes on to say that that sort of thing is pretty well described (although they do not adopt the phrase as a label for their concept) as the "work product" of the lawyer.

Of course it would be quite obvious to the layman that pictures of the winch in this case would be relevant, but it is quite conceivable that a lawyer, through his legal training and knowledge exercised in behalf of his client, might also obtain and direct the taking of photographs of other things which the average layman would not consider relevant and would not know were important in the case, and, yet, which might be the turning point of the whole case.

I have a great deal of doubt as to whether these photographs come under the "privilege" as described by the opinion of the Circuit Court of Appeals but, on the whole, I think that they probably come within the dictum of the Circuit Court which deals with tangibles such as the piece of a machine which hurt someone.

In so holding, I am not ruling generally that photographs taken by a lawyer, or under his direction and supervision, are never subject to the privilege. I think they quite well may be in some cases. But it seems to me that in this case it is almost as though the winch itself had been removed from the ship and placed in the lawyer's office, if such a thing were possible, and there is very little of legal talent that goes into the supervision and direction of the taking of these photographs, and therefore I will make the order.

As I read the opinion of the Circuit Court of Appeals, the fact that the order is asked for in an action in which this defendant is not concerned, would not make any difference. The question of privilege is broader than any particular pending action and the Circuit Court of Appeals recognizes plainly that its opinion is a "frank extension of privilege beyond testimonial exclusion." The Court goes on to say that it rests on the same foundation as the strict legal rule of evidence does, and I think you must assimilate it to that general rule of the common law of privilege of attorney and client, although, of course, it is much broader; and, if that is done, the privilege would certainly cover a situation like the present, even where a different action is pending in which the photographs have been taken. The plaintiff is the same; the cause of action is the same; and the respondent simply represents a different party from the one on the present record.