**PHILADELPHIA ELECTRIC COMPANY**
v.
**ANACONDA AMERICAN BRASS COMPANY et al.**
Civ. A. No. 41734 and Related Actions.

United States District Court
E. D. Pennsylvania.
Oct. 27, 1967.

See also, D.C., 42 F.R.D. 324.

Harold E. Kohn, Dilworth, Paxson, Kalish, Kohn & Levy, David Berger, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa., for plaintiffs.

Frank J. Kelley, Atty. Gen., Maxine Boord Virtue, Asst. Atty. Gen., of Michigan, Lansing, Mich., for intervenor plaintiff.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, David F. Maxwell, Obermayer, Rebmann, & Maxwell & Hippel, Robert W. Sayre, Saul, Ewing, Remick & Saul, Lewis H. Van Dusen, Jr., Drinker, Biddle & Reath, Samuel B. Fortenbaugh, Clark, Ladner, Fortenbaugh & Young, Arthur H. Kahn, Schnader, Harrison, Segal & Lewis, Henry T. Reath, Duane, Morris & Heckscher, Leonard J. Cook, Shapiro, Stalberg, Cook, Murphy & Kalodner, S. Gordon Elkins, Stradley, Ronon, Stevens & Young, John G. Harkins, Jr., Pepper, Hamilton & Scheetz, H. Francis DeLone, Oliver C. Biddle, Ballard, Spahr, Andrews & Ingersoll, Michael H. Malin, White & Williams, Philadelphia, Pa., Gaston, Snow, Motley & Holt, Boston, Mass., for defendants.

## MEMORANDUM OPINION

FULLAM, District Judge.

In this complex and protracted antitrust litigation, various disputes have arisen as to the scope of permissible discovery. On August 2, 1967, I entered an order disposing of various motions then pending on the subject. Reconsideration and reargument was sought by various parties, and on October 12, 1967, I entered an order amending and clarifying the order of August 2, 1967. In subsequent conferences with counsel, the court has been made aware of the desire of some of the parties to attempt an interim appeal from these orders, and the desirability of further clarification, and of an expression of the reasons for the actions taken, has become manifest.

It should be mentioned that much of the difficulty and alleged confusion stems from the fact that counsel and the court have not been dealing in terms of specific, identified documents, but rather in terms of general categories of documents, described on this record, for the most part, by counsel who have never seen them.

By way of general background, it should here be noted that these are civil actions for treble damages against a group of defendants, all but one of whom have heretofore entered pleas of *nolo contendere* in the United States District Court for the District of Connecticut on charges of conspiring to violate the antitrust laws of the United States. In connection with the imposition of sentence in the criminal cases, counsel for the various defendants prepared elaborate memoranda containing, apparently, a considerable amount of information as to the extent of the participation of each defendant in the alleged conspiracy, and also containing information bearing on the relationship between the prices allegedly fixed, and production costs, market allocations, etc. These memoranda were furnished to government counsel in advance of the sentencing, and were made available to the sentencing judge. After sentence was imposed, the sentencing judge ordered the court records, including the pre-sentence memoranda, sealed.

The grand jury which returned the indictments in the criminal cases had heard the testimony of various officers and employees of various defendants. Promptly after such grand jury appearances, these witnesses were interviewed at length by defense counsel, and memoranda were made summarizing the testimony given to the grand jury.

In the course of the criminal litigation, various other witnesses were interviewed by counsel, and memoranda of their statements were recorded; and counsel from time to time prepared summaries and analyses of the witnesses' statements and other aspects of the investigation. These analyses, apparently, include information obtained from documents submitted to the grand jury, employee interviews, and the "grand jury summaries."

In considering the discoverability of these various classes of documents, it is important to note that these defendants, over the strenuous objections of the plaintiffs, persuaded the court, at the very outset of the litigation to adopt the discovery program which had been worked out by agreement in similar litigation against these defendants in the United States District Court for the Southern District of New York. Counsel for the plaintiffs in the present case had not participated in the negotiations leading to the New York order, and objected to its adoption in this litigation, but defense counsel's arguments, based principally upon defense convenience, carried the day. Moreover, although disputes as to the interpretation of the New York discovery order seemingly arose virtually contemporaneously with the entry of that order in the present litigation, there has been no request to modify or clarify that order.

It has therefore been necessary to consider not only the various contentions of the parties as to the attorney-client privilege, the work-product privilege, grand jury secrecy, the sealing order in the Connecticut court, and the various degrees of adequate cause or particularized need which must be shown to overcome these several privileges or exemptions, but also the extent to which these factors have been rendered inapplicable to the present case by reason of the New York discovery order which was adopted at defendants' insistence, as pretrial order No. 2, in the present litigation.

## I.  PRE-SENTENCE MEMORANDA

■ The pre-sentence memoranda filed are properly subject to production on motion. United States Industries, Inc. v. United States District Court, etc., 345 F.2d 18 (9th Cir.) cert. den. 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965). However, such memoranda may be protected by the attorney-client privilege, cf. In re Scranton Corporation, 37 F.R.D. 465 (M.D.Pa.1965), or by the work-product privilege, cf. Connecticut Mutual Life Ins. Co. v. Shields, 16 F.R.D. 5 (S.D.N.Y.1954), Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). But disclosure to third parties destroys the privilege. D'Ippolito v. Cities Service Co., 39 F.R.D. 610 (S.D.N.Y.1965). I am satisfied that, quite apart from the effect of pretrial order No. 2, these pre-sentence memoranda are subject to production because they were disclosed to government counsel, as well as to the court, in the Connecticut litigation. The sealing order does not affect this situation, nor would it be violated by requiring production in the present litigation. For these reasons, I have made it clear, in the orders of August 2 and October 12, that these memoranda are subject to production.

## II.  COUNSEL'S ANALYSES, MEMORANDA OF WITNESS STATEMENTS, ETC.

It is clear that the documents in this category constitute the work-product of counsel in the earlier criminal litigation, and would ordinarily be protected from discovery. Hickman v. Taylor, supra. That litigation is so closely related to the present litigation that the work-product privilege would ordinarily extend to both. Republic Gear Company v. Borg-Warner Co., 381 F.2d 551 (2nd Cir.) (1967); cf. Shields v. Sobelman, 64 F.Supp. 619 (E.D.Pa.1946). And see Insurance Company of North America v. Union Carbide Corporation, 35 F.R.D. 520 (D.Colo.1964); Developments in the Law—Discovery, 74 Harvard Law Review 940, 1044–1045.

■ This privilege is not absolute but may be divested by a showing of exceptionally good cause. Alltmont v. United States, 177 F.2d 971 (3rd Cir. 1950); Transmirra Products Corp. v. Monsanto Chemical Company, 26 F.R.D. 572, 578 (S.D.N.Y.1960). I understand this requisite to be substantially the same as the "good cause" generally required for production of documents under Rule 34. It was so held in Alltmont v. United States, supra.

■ It must be conceded, therefore, that the documents in this category under consideration would not be subject to production unless the provisions of pretrial order No. 2 require a different result. But it is quite clear that such is the case. Paragraph 13 of the order reads as follows:

"Each document referring or relating to any investigation by defendant or anyone on its behalf of alleged violations by it or its past or present employees of any company policy identified in the answer to Interrogatory 12, or of the Sherman Act concerning the matters referred to in Interrogatory 12 including but not being limited to reports of interviews with employees and documents concerning action to be taken with respect to such officers or employees."

The order also incorporates the stipulation in the New York order reciting

that "good cause" for the production of the documents referred to was established on the record "including, but not limited to, statements of counsel." If it had been the intention of counsel to invoke the work-product privilege, it is inconceivable that the stipulation would have been worded as it was. The same statement might be made with respect to the attorney-client privilege; but because the legal opinions and advice of counsel are so clearly beyond the scope of discovery in most situations that the parties may not have considered it necessary to express any reservation in that respect in the New York stipulation, I have attempted to make it clear that documents in that category are not subject to production. But factual summaries, memoranda of events,—in short, relevant or arguably helpful factual information—should not be regarded as exempt from production under pretrial order No. 2 merely because the information has been compiled by counsel, or because it is contained in a document which includes an analysis by counsel. The defendants have rendered this material discoverable by their insistence upon paragraph 13 of the New York order and the recitals contained in that order.

## III. GRAND JURY SUMMARIES

While it might well be argued that the summaries of the testimony of witnesses before the grand jury are also covered by paragraph 13 of the New York order, the parties do not seem to have so regarded the matter. Counsel for plaintiffs sought to require production of these memoranda by supplementary proceedings, but the request was denied because no "particularized need" had been shown. In this respect, the court treated these summaries in substantially the same category as the grand jury minutes themselves. It may be that this treatment is unduly favorable to the defense; this question need not be reconsidered, since special cause of some degree would be required in any event.

■ Certain of these witnesses are about to be deposed by plaintiffs' counsel, and the request for production of these summaries has now been renewed, on the theory that they are necessary in order to enable counsel to cross-examine the witnesses. The defendants argue that the witnesses may not be cross-examined by plaintiffs' counsel, at least unless they are managing agents or directors; that these memoranda are within the attorney-client privilege (particularly with respect to those witnesses who were personally represented by the counsel to whom the statements were given); and that they constitute work-product as to which no sufficient cause has been shown. I find it difficult to rule in advance on these various arguments. It is likely that the result might well vary, depending upon whether the witness is hostile or cooperative; whether the witness has a clear or poor memory; whether the witness was given a copy of the summary or memorandum; whether the witness ever read, or signed, or otherwise approved the alleged summary of his testimony; and whether the witness was in an attorney-client relationship at the time of giving the statement. For all of these reasons, I decline to order production of the grand jury testimony or summaries on the present state of the record. An order to that effect is being entered contemporaneously herewith.