UNITED STATES of America, Plaintiff,

v.

O. K. TIRE & RUBBER COMPANY, a corporation, Defendant.

Civ. No. 1–74–152.

United States District Court,
D. Idaho.

June 14, 1976.

Paul L. Westberg, Asst. U. S. Atty., Boise, Idaho, Stephen R. McSpadden, Atty., Consumer Affairs Section, Antitrust Div., Joseph Eckhaus, Bureau of Competition, Federal Trade Commission, Washington, D.C., for plaintiff.

D. Duff McKee, McKee & Harwood, Boise, Idaho, Ray S. Bolze and William J. Hunter, Howrey & Simon, Washington, D.C., for defendant.

ORDER

J. BLAINE ANDERSON, District Judge.

On October 4, 1974, defendant filed a request for production of documents. Request # 28 sought the following:

"All documents relating to sales volumes, and percentage of market, of various tire brands or manufacturers for any time since 1962."

Request # 29 sought the following:

"All documents relating to any possible public injury caused by these alleged violations, or any restraint of trade or lessening of competition resulting therefrom."

Defendant filed, on January 2, 1975, a motion to compel the production of documents. Defendant's brief in support of its motion states that one issue involved in this lawsuit, even if it is shown that defendant violated the consent order, is whether there was any public harm. Defendant intends to prove that the tire industry is dominated by four or five major brand companies and

that the only way O.K. Tire can remain in business is to insist that the O.K. dealers aggressively stock and sell O.K.'s products. Defendant states:

"In this regard, we have sought information from the FTC files as to national market share information in the tire industry of all the various companies, including in particular the major brand companies. This data will show the minute position in this industry occupied by O.K. Tire and the lack of any public injury from these alleged acts of defendant. It would be very difficult for defendant to collect this information without nationwide broad-scale discovery and this is unwarranted and unnecessary when this very information is in the files of the FTC and there is no reason why it should not be produced."

On December 19, 1975, the parties reached a stipulation apparently regarding the documents involved in the present motion and the stipulation was incorporated into an order of the same date. However, it immediately became clear that the parties had differing interpretations of the meaning of the stipulation and order. This Court, after a hearing on March 3, 1976, entered an Order requiring production in accordance with defendant's Request Nos. 28 and 29 of information in the *Goodyear, Firestone* and *T.B.A.* cases. Belatedly, plaintiff's opposition did not crystalize until after the Order was entered and on March 25, 1976, plaintiff sought to modify the Court's Order in three respects. First, that data ordered produced regarding market share, sales volume, public injury and/or restraint of trade or lessening of competition in the tire industry should be limited only to the violations alleged in this case.

Secondly, that confidential and privileged documents contained in the *Goodyear* and *Firestone* cases and, specifically, all Civil Investigative Demand documents, all documents subpoenaed by the grand jury and covered by a protective order, and all internal memoranda or material prepared by the trial staff in those cases for internal review and consideration not be included in the material set forth in the order. Thirdly, that a protective order be entered to reflect the first two modifications and to exempt the plaintiff from having to segregate all non-confidential documents from confidential documents in the *Goodyear* and *Firestone* cases.

In an effort to identify the area of disagreement remaining between the parties, recent events have narrowed the issue somewhat. On April 1, 1976, Attorney McSpadden stated in an affidavit that certain non-confidential documents were available to the defendant at the Department of Justice. These documents, of course, are not the subject of the present motion. A number of documents have been provided the defendant, including the "Gether Report," which contains statistics of the tire industry. Some material from the *Goodyear* and *Firestone* cases has been given to the defendant. Plaintiff has filed a letter by counsel for Goodyear Tire & Rubber Company wherein counsel asserts the confidential nature of the documents held by the Department of Justice which are the property of the Goodyear Company and were obtained by the Department in the *Goodyear* case.[1] Additionally, eleven reports from "Who's Who in the Replacement Market for Passenger Tires" prepared by the Firestone Company[2] and a report entitled "Rubber Industry Facts" have been made

1. Dudley B. Tenney, counsel for Goodyear Tire & Rubber Company, further states:

"It may be pertinent to call to your attention that all information about the tire industry which would actually be useful in consideration of an enforcement proceeding is, we believe, available from public sources. For example, statistics on tire shipments are published quarterly and annually by the Rubber Manufacturers' Association and are readily available. From these statistics information

as to O.K. Tire & Rubber Company's market share can be quickly and easily developed without the necessity of invading the privacy of confidential business information of particular tire companies."

2. Counsel for defendant indicates that the "Who's Who Report" has not yet been provided, but that a stipulation is in the making which should result in the production of this report.

available to the defendant. A copy of Firestone's motion to dismiss in the *Firestone* case, which contained market share information, has been turned over to the defendant.[3]

Despite the above information having been furnished, defendant has filed a second Rule 37 motion seeking sanctions and production of internal memoranda, summaries and analyses of the Antitrust Division in the *Goodyear* and *Firestone* cases. Defendant's original Requests # 28 and # 29 sought facts pertaining to market shares and the like in the tire industry; however, defendant's recent memorandum indicates that it desires much more, including the legal analyses, opinions and conclusions of the Government attorneys who participated in the *Goodyear* and *Firestone* cases.[4] Counsel for the plaintiff states that this involves 41 reevaluation memorandums and 2,535 other internal memorandums. In addition, the analyses contained in the internal memorandums were composed of data derived by the grand jury, material obtained pursuant to Civil Investigative Demands and material covered by protective orders issued in the *Goodyear* and *Firestone* cases.[5] Furthermore, the point sticking in

plaintiff's craw is defendant's attempt to obtain the discussions contained in memoranda of the Antitrust Division which would reveal the Division's policy priorities, its resource limitations, enforcement guidelines, and legal theories which it may or may not rely on in future cases.

Plaintiff asserts two privileges in support of its refusal to produce internal memoranda: (1) the intraagency memoranda privilege, and (2) the work product privilege. The Court finds that defendant has failed to make the requisite showing to pierce the work product privilege. Defendant has not shown the required "substantial need" and "undue hardship to obtain the substantial equivalent of the materials by other means." Rule 26(b)(3), F.R.Civ.P. The information provided thus far appears to contain the data sought by Requests # 28 and # 29. Further, it would appear (or at least a contrary showing has not been made) that much of the desired information may be obtained from public documents,[6] or potentially from sources who provided information in the *Goodyear* and *Firestone* cases. In short, defendant's showing is inadequate to enable it to invade the work product of Government attorneys in anoth-

---

**3.** Counsel for the plaintiff has informed the Court that it has approached defendant and stated that it would seriously consider entering into a stipulation as to the percentages of the tire replacement shares held by the five largest companies and by the O.K. Tire & Rubber Company, in return for defendant's withdrawal of its request for internal memoranda.

**4.** Defendant's Reply Memorandum, filed May 3, 1976, at page 5, states:

"Furthermore, *Firestone* and *Goodyear* necessarily involved a detailed analysis of the competitive structure of the tire industry of the United States. These facts and economic analyses, as well as statements of the *legal significance* of market structure and competitive impact of various practices, are directly related to the present case and both the Court and defendant should have access to them." (emphasis added)

**5.** Plaintiff indicates that a list of over 200 sources of the documentation is being prepared in order to return the documents to these sources. As soon as the list is prepared, the Department of Justice intends to furnish this list to the defendant so that it can directly

contact these third parties to obtain consent to look at confidential documents, should defendant so desire.

**6.** The necessity for production is reduced where an available alternative for obtaining the desired information has not been explored (*General Services Administration v. Benson,* 415 F.2d 878, 881 (9th Cir. 1969)), and, as this Court adds, where such alternative offers a less intrusive and less expansive approach than inquiry into confidential and privileged information.

Since the Department of Justice is in the process of compiling a list of the sources of documents gathered in *Goodyear* and *Firestone,* it is not unreasonable to require the plaintiff to examine the documents therein to determine whether non-confidential public documents containing statistics of the tire market and industry are included. As before, where the Department provided defendant non-confidential information from these cases and others, it should provide such so-called public documents to the defendant under the guidelines of Requests # 28 and # 29.

er case,[7] and where the avenue for obtaining the information is blocked by the additional obstacles of confidentiality embodied in the Civil Investigative Demands, grand jury subpoenas and protective orders in the *Goodyear* and *Firestone* cases.

Based on the foregoing, the Court decrees that the following order, modifying this Court's order of March 11, 1976, be entered:

IT IS HEREBY ORDERED that consideration of plaintiff's motion for partial summary judgment on liability be continued until August 2, 1976, to permit defendant an opportunity to complete discovery. Appropriate opposition to the motion for partial summary judgment shall be filed and served within twenty (20) days from and after said date.

IT IS FURTHER ORDERED that prior to August 2, 1976, the defendant shall inspect and copy, and the plaintiff shall produce or otherwise make available to defendant in Washington, D.C., for examination and copying all documents relating in any way to market share, sales volume, public injury, and/or any restraints of trade or lessening of competition in the tire industry, in the possession of the Department of Justice or the Federal Trade Commission as set forth in plaintiff's request for production of documents # 28 and # 29 on file herein, including, specifically, the documents relating to the *Goodyear* and *Firestone* cases, and the documents relating to the "*T.B.A.*" cases, as well as such additional documents in the possession of the plaintiff as relate to the present case and related investigations and are responsive to defendant's document requests. *Provided that* plaintiff need not provide internal memoranda nor shall plaintiff be required to provide documents assembled pursuant to grand jury subpoenas and Civil Investigative Demands in the *Goodyear* and *Firestone* cases or documents containing information governed by protective orders in said cases.

---

**7.** The fact that litigation has terminated does not cause the work product prepared incident thereto to lose its qualified immunity extended under the rule, and hence it does not become freely discoverable in a subsequent and unrelated litigation. *Duplan Corporation v. Moulinage et Retorderie de Chavanoz*, 487 F.2d 480 (4th Cir. 1973) and 509 F.2d 730 (4th Cir. 1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975).