403 So.2d 1087 (1981)
ALACHUA GENERAL HOSPITAL, INC., Petitioner,
v.
ZIMMER USA, INC., Respondent.
No. ZZ-188.
District Court of Appeal of Florida, First District.
September 11, 1981.
Charles B. Carter of Jones & Langdon, P.A., Gainesville, for petitioner.
A. Graham Allen of Freeman, Richardson, Watson, Kelly & Livermore, P.A., Jacksonville, for respondent.
PER CURIAM.
By Petition for Writ of Certiorari, Alachua General Hospital (Hospital) seeks review of a non-final circuit court order requiring the Hospital's investigator to answer certain questions, propounded to him on deposition, regarding information *1088 obtained during the course of his investigation of a hospital fire. The investigation was conducted through the office of the Hospital's defense counsel, in anticipation of possible litigation arising out of the incident. Indeed, there was a wrongful death action filed against the Hospital by the estate of a patient who died in the fire. That suit was eventually settled, and the Hospital subsequently instituted the present action against Zimmer USA, Inc., (Zimmer).
The Hospital contends that the questions propounded to its investigator, Mr. Smith, involve information which constitutes work product and is therefore protected from discovery, unless Zimmer proves that it has need of the materials in the preparation of its case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Rule 1.280(b)(2) Fla.R.Civ.P. In its order granting Zimmer's Motion to Compel, the lower court specifically found that the information sought does not constitute work product, nor is it privileged. We disagree, and accordingly quash the order of the circuit court.
It is clear that communications, reports, memoranda, etc., prepared in anticipation of litigation and passing between a client and his attorney, and/or their employed investigators, are work product. An investigator cannot properly be required, in a discovery deposition, to reveal the contents of such communication or reports relating to the circumstances of the incident or his investigation thereof, absent proof of the adverse party's need and inability to obtain the materials without undue hardship. See Goldstein v. Great Atlantic and Pacific Tea Company, 118 So.2d 253, 255 (Fla. 3rd DCA 1960). However, the question of whether or not work product retains its qualified immunity after the initial litigation for which it was prepared has terminated, has not before been addressed by a Florida court.
The Federal courts have, on numerous occasions, directly addressed this question while construing Rule 26(b)(3), Federal Rules of Civil Procedure, which is substantially similar to Rule 1.280(b)(2), Florida Rules of Civil Procedure. There is a three-way split of authority on this issue. Some Federal courts have held that work product is protected only in the litigation for which it was prepared,[1] while others have concluded that work product retains its qualified immunity, but only when the subsequent litigation is "closely related" to the previous, terminated litigation.[2] However, the weight of modern authority clearly provides that work product retains its qualified immunity after the original litigation terminates, regardless of whether or not the subsequent litigation is related.[3] This view is based upon the rationale of the landmark United States Supreme Court decision, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); wherein the principle originated that materials prepared by an attorney in anticipation of litigation should enjoy qualified protection from discovery. The United States Supreme Court incorporated this principle in Rule 26(b)(3), *1089 Federal Rules of Civil Procedure, in 1970. However, neither the rule nor the Hickman decision state whether or not the work product doctrine applies to materials prepared in anticipation of previous, terminated litigation. The Eighth Circuit in In re Murphy, 560 F.2d 326 (8th Cir.1977), concluded that it does. In articulating the rationale of Hickman, the Murphy court pointed out that:
The primary purpose of the work product privilege is to insure that an attorney is not inhibited in his representation of his client by the fear that his files will be opened to scrutiny upon demand of an opposing party. Counsel should be allowed to amass data and commit his opinions and thought processes to writing free of the concern that, at some later date, an opposing party may be entitled to secure any relevant work product documents merely on request and use them against his client. The work product privilege would be attenuated if it were limited to documents that were prepared in the case for which discovery is sought.
Id. at 334.
Similarly, in Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480 (4th Cir.1973), cert. denied, 420 U.S. 997, 97 S.Ct. 1438, 43 L.Ed.2d 680 (1975), the Fourth Circuit noted that:
While, of course, the court in Hickman was addressing itself to material obtained by an attorney incident to the litigation then in progress, the rationale is scarcely less applicable to the case which has been closed than to one which is still being contested. The decision was not in any manner based upon the rights or posture of the litigants vis-a-vis each other. Such a basis was expressly disavowed. Rather, the thrust of the decision was the qualified protection of the professional effort, confidentiality and activity of an attorney which transcends the rights of the litigants. (footnotes omitted).
Id. at 483. The court in Duplan further pointed out that such a rule will in no way frustrate the ends of justice since, if the party seeking discovery can demonstrate the need and undue hardship specified in the rule, the court will order production of the materials. Id. at 485.
The Murphy and Duplan cases, and the others following this rationale, are well reasoned, persuasive, and in keeping with the spirit of the Hickman decision. Applying this line of cases to the present case, it is clear that the information obtained by Mr. Smith in his investigation of the Hospital fire was work product as to the initial wrongful death litigation, and retains its qualified immunity as to the present litigation. This privilege, of course, would be subject to a showing by Zimmer that the materials in question are needed in preparation of its case, and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means. No such showing has been made in the court below.
The order of the circuit court granting Zimmer's Motion to Compel is QUASHED, and this case is REMANDED to the trial court for further proceedings consistent with this opinion.
SHIVERS, SHAW and THOMPSON, JJ., concur.
NOTES
[1] United States v. IBM Corp., 66 F.R.D. 154 (S.D.N.Y. 1974); 71 F.R.D. 376 (S.D.N.Y. 1976); Honeywell, Inc. v. Piper Aircraft Corp., 50 F.R.D. 117 (M.D.Pa. 1970); Hanover Shoe, Inc. v. United Shoe Mach. Co., 207 F. Supp. 407 (M.D.Pa. 1962); Tobacco & Allied Stocks, Inc. v. Transamerica Corp., 16 F.R.D. 534 (D.Del. 1954).
[2] Midland Investment Co. v. Van Alstyne, Noel & Co., 59 F.R.D. 134 (S.D.N.Y. 1973); Hercules, Inc. v. Exxon, 434 F. Supp. 136 (D.Del. 1977); Philadelphia Electric Co. v. Anaconda Am. Brass Co., 275 F. Supp. 146 (E.D.Pa. 1967).
[3] In re Grand Jury Subpoena Dated Nov. 8, 1979, 622 F.2d 933 (6th Cir.1980); In re Murphy, 560 F.2d 326 (8th Cir.1977); United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir.1976) cert. denied, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480 (4th Cir.1973), cert. denied, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975); United States v. Am. Tel. & Tel. Co., et al., 86 F.R.D. 603 (D.C. Cir.1979); United States v. O.K. Tire & Rubber Co., 71 F.R.D. 465 (D.Idaho 1976); SCM Corp. v. Xerox Corp., 70 F.R.D. 508 (D.Conn.), appeal dismissed, 534 F.2d 1031 (2d Cir.1976); Burlington Industries v. Exxon Corp., 65 F.R.D. 26 (D.Md. 1974).