WENTWORTH, Judge.
Petitioner seeks review of an administrative order by which the hearing officer declined to issue a protective order which would preclude the Department of Professional Regulation from presenting the testimony of a certain expert witness, and from pursuing further communications with the expert regarding the case. We grant review pursuant to section 120.68(1), Florida Statutes, since review of a final agency decision would not provide an adequate remedy, and we conclude that the hearing officer should have issued the requested protective order. We therefore reverse the order appealed.
Petitioner is a medical doctor against whom the Department of Professional Regulation filed an administrative complaint seeking the imposition of penalties for alleged improprieties in the treatment of a patient. Petitioner discovered that the Department intended to present expert testimony by Dr. McKechnie, a witness whom petitioner’s insurer had previously retained in anticipation that the patient would file a malpractice action. Petitioner then sought a protective order to preclude Dr. McKech-nie’s testimony in the administrative proceeding, and to further preclude any communication between the Department and Dr. McKechnie regarding this matter. Petitioner asserted that the information possessed by Dr. McKechnie was work product and of a privileged character, subject to discovery only upon a showing of manifest need as delineated in Fla.R.Civ.P. 1.280(b).[1] The hearing officer rejected this contention, reasoning that the Department was not seeking to discover any information, but only to present testimony by Dr. McKechnie as a witness.
Petitioner referenced both Rule 1.280(b)(2) and Rule 1.280(b)(3)(B) before the hearing officer. Rule 1.280(b)(2) relates to documents and tangible things prepared in anticipation of litigation, and permits discovery only upon a showing of need and inability to otherwise obtain such information without undue hardship. Rule 1.280(b)(3)(B), which is more directly applicable in the present instance, relates to facts known or opinions held by an expert who has been retained in anticipation of litigation; this rule permits discovery upon a showing of exceptional circumstances under which it is impracticable to otherwise obtain the information. The Department made no showing of this nature, and asserts on appeal that these provisions are rendered inapplicable because Dr. McKech-nie was employed by petitioner’s insurer for a different litigation than the administrative proceeding. However, these circumstances do not negate the qualified privilege recognized in Rule 1.280. See Alachua General Hospital v. Zimmer U.S.A. Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); see also Proctor & Gamble Co. v. Smiley, 462 So.2d 1188 (Fla. 1st DCA 1985). Dr. McKechnie was employed by petitioner’s representative in anticipation of litigation, and petitioner is thus entitled to the discovery protections of Rule 1.280(b)(2) and (3)(B). Utilization of Dr. McKechnie’s testimony necessarily involves such discovery. The Department having failed to make any showing sufficient to overcome the qualified privilege which Rule 1.280(b) provides, the hearing officer should have issued the requested protective order.
*148 The order appealed is reversed and the cause remanded.
SMITH, C.J., and SHIVERS, JJ., concur.

. The Florida Rules of Civil Procedure were expressly made applicable in the proceeding below by order of the hearing officer,