PER CURIAM:
Petitioner seeks certiorari review of an order denying her motion to strike an expert witness or for a protective order to prevent the respondent from presenting the testimony of an expert witness previously retained by the petitioner. We grant the petition and quash the order because of the clear, albeit unknowing, violation of Rule 1.280(b)(4)(B) of the Florida Rules of Civil Procedure.
Petitioner had filed a medical negligence action against a hospital and physicians (respondents). In 1987, petitioner retained Dr. Wolfe Kirsch, a neurosurgeon, to fully review and render an expert opinion upon all issues in the action. Dr. Kirsch was paid for his consultation, but later informed the petitioner he would not be available to give expert testimony on her behalf against the respondents because of “personal and professional interests.”
Almost three years later, counsel for one of the respondents (Dr. Montoya) contacted Dr. Kirsch as an expert witness, apparently without knowing that Dr. Kirsch had consulted with the petitioner’s attorney in the case. Dr. Kirsch was provided with medical records and depositions by respondent and asked to render opinions as to the standard of care with respect to the respondent. Dr. Kirsch indicated he would be able to testify on behalf of the respondent.
When Dr. Kirsch was listed as an expert witness for the respondent, petitioner filed a motion to strike the expert, or for a protective order, alleging that permitting Dr. Kirsch to testify placed petitioner at a material disadvantage, if not prejudice, in cross examination of now potentially conflicting opinion testimony, including the potential of prejudice by innuendo or the unintentional disclosure of work product. At the hearing, petitioner pointed to Rule 1.280(b)(4)(B) which provides that experts who have been retained in anticipation of litigation, but who are not expected to be called as a witness to testify, are subject to discovery only “upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means,” or as provided in Rule 1.360(b) (report of examining physician). As further support, counsel also cited to Ranpura v. Department of Professional Regulation, 507 So.2d 146 (Fla. 1st DCA 1987). Lastly, petitioner argued there was no prejudice to defendant in striking Dr. Kirsch as an expert witness because this particular respondent had listed four other expert witnesses, at least three of whom are neurosurgeons, to testify on his behalf at trial.
It is clear that the intent of Rule 1.280(b)(4)(B) is to afford protection from the discovery of a “consulting expert.” This protection is not significantly different from the severely limited discovery available of a trial expert under historical procedures. Nor do we think this protection is dissolved by the unintentional or unknowing retention of the other party’s previously hired expert. While not unmindful of the lack of fault on the respondent, as a practical matter, we do not believe that the situation should inure to his benefit, absent the compelling circumstances articulated in Rule 1.280(b)(4)(B). Accordingly, the petition is granted, the order quashed and the case remanded for further proceedings consistent with this opinion.
WRIT GRANTED.
COBB, HARRIS and PETERSON, JJ., concur.