PER CURIAM.
We grant'this petition for writ of certiorari and quash that part of the trial court order granting the Respondent-Plaintiffs motion to compel, to the extent that the order rejects Petitioners’ claim of privilege based on work product. The objections are to the production of certain notes, memos, and other investigative material, and to related testimony by Petitioners’ investigator-consultant. Alachua Gen. Hosp. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); Shawmut Van Lines, Inc. v. Small, 148 So.2d 556 (Fla. 3d DCA 1963). See also Vann v. State, 85 So.2d 133 (Fla.1956). With respect to work product disclosure, the order departs from the essential requirements of law and there is no adequate remedy on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). However, we affirm, in part, the trial court order to the extent that Petitioners’ objections were founded on an attorney-client privilege. We find no abuse of trial court discretion in determining that the consultant in question was acting as Petitioners’ agent, and not as the agent of counsel in the course of receiving and working on the information in question.
On remand, the trial court must still resolve whether claims by or against Petitioners were pending, with respect to which liti *253 gation was anticipated, at the time the consultant gathered the information in question, and, if so, whether Petitioners have demonstrated that the information in question was gathered in anticipation of the claim. If the court so finds, the material contained in the investigator-consultant’s report is privileged, even if not prepared in anticipation of the specific claim at issue in this case. See Charles B. Pitts Real Estate, Inc. v. Hater, 602 So.2d 961 (Fla.2d DCA 1992); Ruhland v. Giheault, 496 So.2d 1243 (Fla. 5th DCA 1986); State v. Rabin, 495 So.2d 257 (Fla.3d DCA 1986); Alachua Gen. Hosp., 403 So.2d 1087. See also Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595 (Fla. 4th DCA 1984).
Additionally, a hearing is necessary in order to resolve whether Plaintiff, in any event, is entitled to discover the factual information in question, as claimed in his response, on the basis of a demonstrated need and hardship. Proctor & Gamble Co. v. Smiley, 462 So.2d 1188 (Fla. 1st DCA 1985); Alachua Gen. Hosp., 403 So.2d 1087. The record reflects that those issues remain unresolved.
GUNTHER, STONE and FARMER, JJ., concur.
ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant Petitioner’s motion for clarification and amend our opinion of September 22, 1993, by striking the first sentence of the second paragraph of the opinion and substituting the following sentence:
[Editor’s Note: Substitution incorporated into published opinion].
In all other respects, the opinion is republished in full.