PER CURIAM.
Petitioners seek a writ of certiorari to quash an order of the trial court denying their motion for protective order to prevent discovery of information claimed to be privileged under the work product doctrine. We grant the petition for writ of certiorari and quash the trial court’s order without prejudice to respondents to demonstrate exceptional circumstances under Rule 1.280(b)(4)(B), Florida Rules of Civil Procedure.
Petitioners are defendants in civil suits alleging that students at a daycare center were sexually molested. Petitioner, James Toward, was a defendant in a prior criminal action involving other alleged child abuse victims. In preparation for the prior criminal action, James Toward’s attorney hired a medical expert, Dr. Harry Krop, who provid *761 ed opinions regarding the reliability of the child -witnesses and the methods used by state investigators in attempting to prove a case against James Toward. Dr. Krop also interviewed James Toward.
After the conclusion of the criminal case against James Toward and the institution of the present civil suits, petitioners hired Dr. Krop as a consultant. Respondents then noticed a deposition duces tecum of Dr. Krop’s records custodian requesting Dr. Krop’s entire file of records, reports, evaluations, testing data, correspondence, notes, and memo-randa concerning James Toward.
Petitioners filed a motion for protective order contending, inter alia, that the documents sought were protected by the work product privilege. Fla.R.Civ.P. 1.280(b)(4)(B). Rule 1.280(b)(4)(B) provides that a party may discover facts known or opinions held by an expert, who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. It is undisputed that respondents made no showing of exceptional circumstances.
Respondents contend that any work product created by Dr. Krop in the criminal case does not retain its status as work product in the present civil suits. We disagree with respondents’ contention and hold that work product retains its qualified immunity after the original litigation terminates, regardless of whether or not the subsequent litigation is related. Alachua General Hospital, Inc. v. Zimmer, USA, Inc., 403 So.2d 1087, 1088 (Fla. 1st DCA 1981); see also Ranpura v. Department of Professional Regulation, 507 So.2d 146,147 (Fla. 1st DCA 1987) (privilege which applied to expert previously retained in anticipation of a malpractice action also applied in later administrative proceeding).
Because the information respondents sought was privileged work product and respondents did not show exceptional circumstances, the trial court departed from the essential requirements of law in denying petitioners’ motion for protective order. Accordingly, we grant the petition for writ of certiorari and quash the trial court’s order without prejudice to respondents to make the showing required under Rule 1.280(b)(2).
PETITION FOR WRIT OF CERTIORA-RI GRANTED.
ANSTEAD, GUNTHER and FARMER, JJ., concur.