731 So.2d 51 (1999)
HOLMES REGIONAL MEDICAL CENTER, INC., d/b/a Holmes Regional Medical Center and d/b/a Palm Bay Community Hospital; and Health First, Inc., Petitioners,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION and Wuesthoff Memorial Hospital, Inc., Respondents.
No. 98-3184.
District Court of Appeal of Florida, First District.
March 23, 1999.
*52 Stephen K. Boone and John S. Koda of Boone, Boone, Boone & Hines, P.A., Venice, and Terry Rigsby of Blank, Rigsby & Meenan, P.A., Tallahassee, for Petitioner Holmes Regional Medical Center, Inc., d/b/a Holmes Regional Center and d/b/a Palm Bay Community Hospital.
David Mathias, Melbourne, for Petitioner Health First, Inc.
No Appearance for Respondent Agency for Health Care Administration.
David C. Ashburn of Smith & Ashburn, P.A., Tallahassee, for Respondent Wuesthoff Memorial Hospital, Inc.
PADOVANO, J.
Holmes Regional Medical Center has filed a petition in this court to review a preliminary order concerning the admissibility of evidence in an administrative proceeding. Because we conclude that the rights of the parties can be protected on review of the final order, we deny the petition.
The case pending in the lower tribunal involves a dispute over the need for a new hospital in Brevard County. Wuesthoff Memorial Hospital applied to the Agency for Health Care Administration for a certificate of need to construct a new acute-care hospital in the southern part of the county. The agency approved the request and Holmes Regional initiated a formal proceeding to contest the need for another hospital. In support of its position, Wuesthoff retained Mr. Joel Menges as an expert witness. Menges is employed by a national health care consulting firm and he is an expert in the field of managed health care.
During his deposition, Menges provided statistical information pertaining to the medical needs of the residents of Brevard County. As a part of this presentation, he gave a statement and analysis of the revenues that Holmes had received from the Aetna Health Plan. Aetna has managed care agreements with Holmes Regional, Weusthoff Memorial, and other hospitals. After the deposition, Holmes filed a motion in limine to exclude Menges' testimony. The motion alleged that Aetna's disclosure of "sensitive rate information" to Menges was a violation of the confidentiality provisions of Aetna's contract with Holmes and other Florida health care providers. Holmes maintained that the information disclosed to Menges was not admissible in evidence because it was proprietary information that was protected by the trade secret privilege. The administrative law judge denied the motion on August 6, 1998, and Holmes filed a timely petition for review in this court.
We begin with the general principles governing the review of nonfinal administrative orders. Section 120.68(1), Florida Statutes (1997), provides that "[a] preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy." See Prudential Property & Casualty Ins. Co. v. Dep't of Insurance, 626 So.2d 994 (Fla. 1st DCA 1993). A party may seek review under this section by filing a timely petition in the district court of appeal under *53 the provisions of rule 9.100(c)(3) of the Florida Rules of Appellate Procedure. See Allied Education Corp. v. Dep't of Education, 573 So.2d 959 (Fla. 1st DCA 1991). As a threshold issue, the court must determine whether judicial review is necessary to provide a remedy that could not be afforded in a plenary appeal.
Section 120.68(1) creates a narrow exception to the general rule that appellate review must await rendition of the final order. Interlocutory review is not available as a matter of course in an administrative proceeding merely because the parties wish to resolve an important issue before the final hearing. See, e.g., Department of Community Affairs v. Div. of Admin. Hearings, 588 So.2d 272 (Fla. 1st DCA 1991); Butterworth v. Public Employees Relations Comm'n, 382 So.2d 859 (Fla. 4th DCA 1980). Rather, the opportunity to review a nonfinal order exists only in those cases in which the court must address an issue immediately to protect a substantial right that would be lost in the interim. See Prudential Ins. Co. of America v. Dep't of Ins., 694 So.2d 772 (Fla. 2d DCA 1997) (order compelling disclosure of information protected by the work product privilege was reviewable immediately, because the harm could not be corrected on appeal from the final order).
By these principles, the order denying Holmes' motion in limine is not reviewable before the agency renders a final decision. The issue presented here is not whether immediate action is required to prevent disclosure of information protected by the trade secret privilege. On the contrary, the information that is alleged to be privileged has already been disclosed by a third party. The only remaining issue is whether the information should be admitted in evidence. Like other rulings on evidence, the decision on this issue can be fairly reviewed on appeal from the final decision of the agency.
The proper remedy for a violation of the trade secret privilege depends on whether the information was disclosed before or after the privilege is asserted. Section 90.506, Florida Statutes, states that "[a] person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice." This section applies in advance to prevent disclosure. If a judge or judicial officer has ordered disclosure of information protected by the trade secret privilege, the appellate court is likely to review the order immediately. See Messer v. E.G. Pump Controls, Inc., 667 So.2d 321 (Fla. 1st DCA 1995); General Hotel and Restaurant Supply Corp. v. Skipper, 514 So.2d 1158 (Fla. 2d DCA 1987). In such cases, the harm that will be done by the improper disclosure cannot be redressed on appeal from the final judgment.
This remedy is not appropriate, however, if the information protected by the trade secret privilege has been disclosed by the time the privilege is asserted. Section 90.508 provides that "[e]vidence of a statement or other disclosure of privileged matter is inadmissible against the holder of the privilege if the statement or disclosure was compelled erroneously by the court or made without opportunity to claim the privilege." This section provides a different form of relief for those cases in which the information has been disclosed by the court or by a third party. Under these circumstances, the disclosure is not treated as a waiver of the privilege. See Charles W. Ehrhardt, Florida Evidence § 508.1 (1999). Because the sole remedy is to exclude the information from evidence, there is no need for interlocutory review. There is nothing this court could do, in advance of the final hearing, to protect the privilege.
For these reasons, we find it unnecessary to determine whether the administrative law judge made the right decision on the motion in limine. The controversy between the parties is now limited to the admissibility of the disputed *54 testimony, and that issue can be reviewed on appeal from the agency's final order.
Petition denied.
BENTON and VAN NORTWICK, JJ., CONCUR.