772 So.2d 572 (2000)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
OHM REMEDIATION SERVICES CORP. and WRS Infrastructure and Environment, Inc., Respondents.
No. 1D00-1749.
District Court of Appeal of Florida, First District.
November 16, 2000.
Rehearing Denied December 12, 2000.
Pamela S. Leslie, General Counsel; Marianne A. Trussell, Deputy General Counsel, Department of Transportation, Tallahassee, for Petitioner.
*573 William C. Davell of May, Meacham & Davell, P.A., Ft. Lauderdale, for Respondent OHM Remediation Services Corp.; Betty J. Stephens, Tallahassee for Respondent WRS Infrastructure & Environment, Inc.
LAWRENCE, J.
The Florida Department of Transportation (DOT) petitions for review of a nonfinal administrative order denying its motion for a protective order. We grant the petition.
OHM Remediation Services Corporation (OHM) and WRS Infrastructure and Environment, Incorporated (WRS) submitted bids on a DOT job. DOT filed a notice of intent to award the job to OHM, but after WRS protested, filed a revised notice of intent to award the job to WRS. OHM, in its bid protest, sought to depose DOT's attorneys. DOT moved for a protective order. The administrative law judge of the Florida Division of Administrative Hearings, in an order of April 14, 2000, denied the requested protective order.
Section 120.68(1), Florida Statutes (1999), provides in relevant part: "A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy." See Holmes Reg'l Med. Ctr. v. Agency for Heath Care Admin., 731 So.2d 51 (Fla. 1st DCA 1999); Medivision of East Broward County, Inc., v. Department of Health & Rehabilitative Servs., 488 So.2d 886 (Fla. 1st DCA 1986). The proper method of seeking review of a nonfinal administrative order is to file a timely petition in the appellate court. See Fla. R.App. P. 9.100(c)(3). An order compelling discovery over a claim that the evidence is privileged is generally reviewable under section 120.68(1), because the harm cannot be remedied on review of the final order. See Scientific Games, Inc., v. Dittler Bros., Inc., 586 So.2d 1128 (Fla. 1st DCA 1991); Ranpura v. Department of Prof'l Regulation, 507 So.2d 146 (Fla. 1st DCA 1987).
DOT argues that, based on the work-product and attorney-client privileges, it was entitled to the protective order sought before the administrative law judge. We find the work-product privilege dispositive. OHM, in order to depose attorneys for DOT despite the claim of a work-product privilege, must show need. Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377 (Fla.1994). This court in Deason tells us:
Pursuant to Florida Rule of Civil Procedure 1.280(b)(3), materials prepared in anticipation of litigation by or for a party or its representative are protected from discovery, unless the party seeking discovery has need of the material and is unable to obtain the substantial equivalent without undue hardship. The rationale supporting the work product doctrine is that "one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures." Fact work product traditionally protects that information which relates to the case and is gathered in anticipation of litigation. Opinion work product consists primarily of the attorney's mental impressions, conclusions, opinions, and theories. Whereas fact work product is subject to discovery upon a showing of "need" and "undue hardship," opinion work product generally remains protected from disclosure.

. . . .
Florida Rule of Civil Procedure 1.280(b)(3) permits the disclosure of work product if the party seeking discovery "has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means."
Id. at 1384, 1385 (Fla.1994) (citations omitted) (emphasis added) (holding that although *574 the material sought was work product, the party seeking discovery showed that it would not be able to obtain the materials without undue hardship); cf. State, Dep't of Health & Rehabilitative Servs. v. Brooke, 573 So.2d 363, 371 (Fla. 1st DCA 1991) ("We agree ... that `[d]epartment heads and similar high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer.'") (reversing, due to executive privilege, orders directing that the Secretary of the Florida Department of Health and Rehabilitative Services appear before the trial court to explain discretionary budget decisions).
The judge below failed to rule on whether fact or opinion work product is at issue, and if the former, whether OHM has need of the facts at issue and is unable without undue hardship to get the facts from a source other than the attorneys for DOT. Because the harm resulting from these errors cannot be corrected on appeal from the final administrative order, we grant the petition and remand to the Division of Administrative Hearings for proceedings consistent with this opinion.
ERVIN and PADOVANO, JJ., CONCUR.