PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.100(l)(c)(13), the Florida Department of Transportation (DOT) petitions this court for review of orders entered in the administrative proceeding below compelling it to provide confidential information regarding employees tested under Florida’s Drug-Free Workplace Act. For the reasons explained below, we quash those orders.
Respondent, formerly employed by DOT as a driver with a commercial driver’s license, was dismissed when he refused to submit to an alcohol test during a random *946 drug test performed under federal[1] and state law by failing to supply an adequate breath sample. Respondent appealed his dismissal to the Public Employees Relations Commission (PERC) pursuant to section 112.0455, Florida Statutes (1999), the Florida Drug-Free Workplace Act. Pursuant to respondent’s discovery request, the hearing officer issued a subpoena duces tecum to the breath alcohol technician who administered respondent’s test, requiring production of all employee test results on the machine since the month preceding respondent’s test and entered an order requiring DOT to identify other employees unable to provide an adequate breath sample on the same date and on the same machine appellant was tested. The order also required DOT to provide the names of similarly situated employees as related to the mitigation criteria contained in section 447.208(3), Florida Statutes. In response to DOT’s appeal, PERC issued an interim order determining that section 447.208(3) is inapplicable to a Drug-Free Workplace appeal, but requiring DOT to provide the names, addresses, and phone numbers of other employees tested by DOT and the date of the test, but not the test results.
The Department sought review of these orders, urging as it did below, that PERC’s action requires DOT and the alcohol testing technician to release confidential information about state employees in contravention of both state and federal law. We find that judicial review of these non-final orders is proper in this case. See § 120.68(1), Fla. Stat.; Holmes Reg’l Med. Cent., Inc. v. Agency for Health Care Admin., 731 So.2d 51, 53 (Fla. 1st DCA 1999) (“[T]he opportunity to review a nonfinal order exists only in those cases in which the court must address an issue immediately to protect a substantial right that would be lost in the interim.”); see, e.g., Prudential Ins. Co. v. Florida Dep’t of Ins., 694 So.2d 772, 773 (Fla. 2d DCA 1997) (deciding to review non-final agency action because “[a]n order requiring discovery is a proper subject for review ‘since an erroneously compelled discovery, once made, may constitute irreparable harm which cannot be remedied on appeal.’ ”).
Florida’s Drug-Free Workplace Act, section 112.0455, Florida Statutes (1999), is intended to “[pjromote the goal of drug-free workplaces within government through fair and reasonable drug-testing methods for the protection of public employees and employers.” The legislature provided for confidentiality regarding that testing as follows:
Except as otherwise provided in this subsection, all information, interviews, reports, statements, memoranda, and drug test results, written or otherwise, received or produced as a result of a drug-testing program are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution, and may not be used or received in evidence, obtained in discovery, or disclosed in any public or private proceedings, except in accordance with this section.
§ 112.0455(ll)(a), Fla. Stat. At issue in the instant case is the meaning of the following exception:
Employers, laboratories, employee assistance programs, drug and alcohol rehabilitation programs, and their agents may not release any information concerning drug test results obtained pursuant to this section without a written consent form signed voluntarily by the person tested, except where such release is compelled by a hearing officer or a court of competent jurisdiction pursuant to an appeal taken under this section, or where deemed appropriate by a professional or occupational licensing board in a related disciplinary proceeding.
§ 112.0455(ll)(b), Fla. Stat.
Petitioner DOT argues that in keeping with the statute’s clear and sweeping confidentiality provision, paragraph (b) permits *947 a hearing officer to order discovery of information concerning drug test results only as to the testing of the particular employee challenging an employment action and not as authorizing the discovery of any information, including the names and addresses, regarding other persons subject to the testing program. We agree. Authorizing a hearing officer or court to order discovery of information regarding any person other than the specific employee in question allows the exception to swallow the rule. The very purpose of the confidentiality provision would be defeated. Our interpretation of this statute is consistent with federal law and regulations applicable in this case.
The federal Omnibus Transportation Employee Testing Act of 1991 also governs DOT’S alcohol and controlled substances testing of drivers holding a commercial license, such as respondent. See 49 U.S.C. § 31306. This statute, like the Florida statute, and the applicable federal regulations require employers to retain and keep confidential the records of their drug testing program. See id.; 49 C.F.R. §§ 382.401, .405(a). The exception to this confidentiality requirement provides as follows:
An employer may disclose information required to be maintained under this part pertaining to a driver, [sic] the decisionmaker in a lawsuit, grievance, or other proceeding initiated by or on behalf of the individual, and arising from the results of an alcohol and/or controlled substance test administered under this part, or from the employer’s determination that the driver engaged in conduct prohibited by subpart B of this part (including but not limited to, a worker’s compensation, unemployment compensation or other proceeding relating to a benefit sought by the driver).
49 C.F.R. § 382.405(g). See also 49 C.F.R. § 40.81 (governing workplace alcohol testing procedures and permitting an employer to disclose “information required to be maintained under this part pertaining to a covered employee to that employee or to the decisionmaker in a lawsuit, grievance, or other proceeding initiated by or on behalf of the individual, and arising from the results of an alcohol test administered under the requirements of this part....”). The federal exception is clearly drawn to allow the decisionmaker in an administrative proceeding or court to obtain only the records applicable to the employee in question in order to preserve the confidentiality of the records pertaining to other employees.
The Department argues that if section 112.0455(ll)(b), Florida Statutes, is interpreted to permit a hearing officer to order discovery of information regarding anyone other than the employee in question, as was done by the hearing officer and PERC below, the statute is preempted by the federal law and regulation under which respondent was tested. Again, we agree.
The federal Act and its attendant regulations specifically provide for the preemption of any contrary or inconsistent state law or regulation as follows:
A State or local government may not prescribe or continue in effect a law, regulation, standard, or order that is inconsistent with regulations prescribed under this section. However, a regulation prescribed under this section may not be construed to preempt a State criminal law that imposes sanctions for reckless conduct leading to loss of life, injury, or damage to property.
49 U.S.C. § 31306(c)(7), (g) (1996). See 49 C.F.R. § 382.109. The preemption of state law or a state hearing officer’s order is express and unambiguous. See Keaveney v. Town of Brookline, 937 F.Supp. 975 (D.Mass.1996). As stated above, the federal law clearly limits the authority of a decisionmaker in an administrative or judicial proceeding to obtain release of information obtained and retained by the employer under the testing program. An administrative or judicial tribunal may only order release of information regarding the specific employee whose interest is *948 at issue in the proceeding. To the extent that the hearing officer and PERC have construed the statute more broadly, such construction is contrary to and is expressly preempted by federal law and regulation.
Accordingly, we grant DOT’S petition for review of these orders. We vacate those orders and quash the subpoena issued below.
MINER and ALLEN, JJ., and SMITH, LARRY, Senior Judge, concur.

. See 49 C.F.R. § 382.211.